THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJINDER KANG,<br><br>                          Plaintiff,<br><br>          v.<br><br>MARATHON FUNDING SERVICES, INC., *et al*.<br><br>                          Defendants. | CASE NO. C19-0829-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.     BACKGROUND

In January 2019, Plaintiff Rajinder Kang purchased a commercial property located in Seattle, Washington at a trustee's sale. (Dkt. No. 7 at 1.) Plaintiff is a citizen of Canada. (Dkt. No. 10 at 4.) Defendant Marathon Funding Services, Inc. ("Marathon Services"), which is owned by Defendant Robert Crawford, previously owned the property and leased it to Defendants Jonathan Grindell and Sophia Bagnaschi. (*Id*. at 1–2.) Defendants are all Washington state residents. (Dkt. No. 1-2 at 1–2.) After Plaintiff purchased the property, he notified Defendants to vacate the premises within 20 days, as required by Washington law. (*Id*. at 3.) Defendants failed to comply. (*Id*. at 3–4.) On April 25, 2019, Plaintiff filed a lawsuit in King County Superior

Court seeking to remove Defendants from the property pursuant to Washington's forcible detainer and unlawful detainer statutes. (Dkt. No. 1-2.) Defendant Crawford subsequently removed the lawsuit to federal court, and Plaintiff moves to remand the case to King County Superior Court for lack of subject matter jurisdiction. (Dkt. Nos. 5, 7.)

## II. DISCUSSION

A party to a civil action brought in state court may remove that action to federal court if the federal district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases that arise under federal law or where there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Once removed, the case can be remanded for lack of subject matter jurisdiction or defects in the removal procedure. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden is on the moving party to demonstrate that removal is proper. *Id.*

### A.     Federal Question Jurisdiction

A case arises under federal law if the federal issue appears on the face of the well-pleaded complaint. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). A well-pleaded complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law that is actually disputed. *Id.; Gunn v. Minton*, 568 U.S. 251, 258 (2013). A case may not be removed on the basis of federal question jurisdiction if the federal issue is raised as an affirmative defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Plaintiff's forcible detainer and unlawful detainer lawsuit does not arise under federal law. Plaintiff's complaint does not allege a federal cause of action and is based solely on Washington law. (Dkt. No. 1-2.) Nor does Plaintiff's right to relief depend on the resolution of a

ORDER
C19-0829-JCC
PAGE - 2

substantial question of federal law. While Defendant Crawford argues in his notice of removal that Plaintiff's complaint implicates and violates the federal Protecting Tenants at Foreclosure Act ("PTFA"), Plaintiff's claims do not arise from that law. (Dkt. Nos. 1-2, 5 at 3.) Defendant has not demonstrated that Plaintiff's right to relief turns on the resolution of a question under the PTFA. Instead, Defendant appears to be raising an affirmative defense under the PTFA. (Dkt. No. 5.) But an affirmative defense cannot provide the basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393. For the foregoing reasons, the Court does not have federal question jurisdiction over Plaintiff's claims and removal on this basis was improper.

### B.   Diversity Jurisdiction

Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the parties be citizens of different states. 28 U.S.C. § 1332(a). However, even where both of these requirements are met, removal on the basis of diversity jurisdiction is barred if any party served as a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89–90 (2005). Plaintiff filed his unlawful detainer lawsuit in King County Superior Court and alleges that all Defendants are citizens of Washington. (Dkt. No. 1-2 at 1–2.) Defendant Marathon Funding is a corporation registered and located in Washington, and each of the individual defendants are alleged to reside in King County, Washington. (*Id.*) In his notice of removal, Defendant Crawford does not challenge these allegations, and states that he resides in Washington. (*See* Dkt. No. 5.) Therefore, removal was improper on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 7) is GRANTED. The Clerk is DIRECTED to remand this case to King County Superior Court.

//

//

//

1   DATED this 9th day of July 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE